UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| Samuel E. Dixon, Jr., | |
| *Plaintiff*, | Civil No. 3:10cv297 (JBA) |
| v. | |
| Aurelius Piper, et al., | March 8, 2011 |
| *Defendants*. | |

ORDER OF DISMISSAL

For the reasons explained on the record on September 9, 2010, the Court issued an Order to Show Cause [Doc. # 41] on September 13, 2010, directing Plaintiff Samuel E. Dixon, Jr. to show cause in writing why this Court should not administratively close this case pending final determinations by the Department of the Interior's Bureau of Indian Affairs ("BIA") on Plaintiff's and Defendant Richard John Cam's pending petitions for federal tribal status. Plaintiff responded to the Order to Show Cause by highlighting the controversy among the parties with respect to rightful tribal leadership, but failed to include in his response an explanation of why this Court should not defer resolution of this controversy pending initial BIA determination.

Where Congress has delegated jurisdiction over a particular subject matter to an agency, the Court should defer to that agency with regard to a pending dispute within that subject matter. *Golden Hill Paugussett Tribe of Indians v. Weicker*, 39 F.3d 51, 59–60 (2d Cir. 1994). Congress has authorized the BIA to prescribe regulations "for carrying into effect any act relating to Indian affairs"; determinations as to petitions for tribal status are "at the heart of the task assigned by Congress to the BIA and should be answered in the first instance by that agency." *Id.* Plaintiff brought this action to "vindicate tribal rights in approximately

One Hundred Twenty (120) acres of land located generally in the counties of Fairfield, Connecticut, and New London, Connecticut" (Final Am. Compl. ¶ 1), and both he and Defendant Cam have petitions for federal tribal recognition pending before the Department of the Interior (*see* Pl.'s Resp. to Order to Show Cause [Doc. # 40] at 1–2). This type of dispute is within the BIA's experience and expertise and "the judicial hand should be stayed pending reference of plaintiff's claims to the agency for its views." *Golden Hill*, 39 F.3d at 60.

Plaintiff relies in his Response to the Order to Show Cause on the "Office of Federal Acknowledgment; Guidance and Direction Regarding Internal Procedures," 73 Fed. Reg. 30146 (May 23, 2008) in arguing that the conflicting claims to tribal leadership have hampered the Office of Federal Acknowledgment's ("OFA") "ability to communicate and conduct official business with Plaintiff's tribe/group. Thus, OFA will not now or ever devote it's [sic] time, and expertise, and resources to plaintiff's group or even defendant's alleged group unless or until this instant case is resolved." (Resp. at 2.) The Policy relied on by Plaintiff applies to "[c]onflicts within a petitioning group," 73 Fed. Reg. 30146, col. 3, however Plaintiff and Defendant Cam are not members of the same petitioning group, but have filed separate petitions for acknowledgment before the Department of the Interior. (*See* Fleming Decl., Ex. A to Defs.' Resp. to Order to Show Cause [Doc. # 47]). Plaintiff has failed to show cause as to why the Court should not defer to BIA final determinations and administratively dismiss this case to await final BIA action on the pending petitions for federal tribal status.

Plaintiff's Complaint is therefore administratively dismissed. The Clerk is directed to close this case. Any party may move to re–open the case within 45 days following final BIA action on the pending Golden Hill recognition petitions.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 8th day of March, 2011.